```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
FLOWSERVE CORPORATION,
FLOWSERVE US, INC., and                 :   Civil Action 07-CV-5592 (BSJ)(DFE)
FLOWSERVE INTERNATIONAL, INC.,
                                        :
           Plaintiffs,
                                        :
      v.                                    ANSWER OF PLAINTIFFS TO
                                        :   DEFENDANT'S COUNTERCLAIM
INGERSOLL-RAND COMPANY,
                                        :
           Defendant.
-------------------------------------------------------x
```

Now come the Plaintiffs Flowserve Corporation, Flowserve US, Inc. and Flowserve International, Inc. (collectively "Flowserve"), by their counsel, Thompson Hine LLP, and respond to Defendant Ingersoll-Rand Company's Counterclaim as follows:

1. Flowserve denies each and every averment contained in Paragraph 144 that is directed against them, and is without knowledge or information sufficient to form a belief as to the truth of the other averments contained therein.

2. Flowserve denies each and every averment contained in Paragraph 145 which is expressly directed against them, and is without knowledge or information sufficient to form a belief as to the truth of the other averments contained therein.

3. Flowserve denies each and every averment contained in Paragraph 146 which is expressly directed against them, and is without knowledge or information sufficient to form a belief as to the truth of the other averments contained therein.

4. Flowserve denies each and every averment contained in Paragraph 147 which is expressly directed against it, and is without knowledge or information sufficient to form a belief as to the truth of the other averments contained therein.

5. Flowserve denies each and every averment contained in Paragraph 148.

6. Flowserve denies each and every averment contained in Paragraph 149.

7. Flowserve denies each and every averment contained in Paragraph 150.

8. Flowserve denies each and every averment contained in Paragraph 151.

## FIRST AFFIRMATIVE DEFENSE

9. Flowserve incorporates herein as if fully rewritten the averments set forth in Paragraphs 1 through 8 above.

10. The Purchase Agreement requires that all pending claims, lawsuits, actions or pending investigations be disclosed in Section 2.9 of the Disclosure Schedule:

> Except as set forth in Section 2.9 of the Disclosure Schedule, as of the date hereof, there are no written claims, suits, actions, proceedings or investigations ("Actions") pending or, to the knowledge of the Sellers, threaten against any Seller or any member of the Partnership Group or the transactions contemplated by this Agreement before any arbitrator, court or governmental or regulatory authority or body, which, if decided unfavorably to such Seller or member of the Partnership Group, would have a Material Adverse Effect or a material adverse effect on the ability of the Sellers to consumate the transactions contemplated by this Agreement. Except as set forth in Schedule 2.9 of the Disclosure Schedule, the Sellers have not received any notice that any Seller or any member of the Partnership Group or any of its assets is or is reasonably likely to become subject to a decree, order or judgment which would reasonably be expected to have a Material Adverse Effect or a material adverse effect on the ability of the Sellers to consumate the transactions contemplated by this Agreement.

11. The provision addressing Tax Matters states in relevant part that:

> (b) Except as set forth in Section 2.12 of the Disclosure Schedule:
>
> ***
>
> (iii) There are no: (w) examinations, audits, actions, proceedings, investigations or disputes pending, (x) claims asserted in writing, for Taxes upon any member of the Partnership Group....

12. Further, in the Disclosure Schedule, "Section 2.12" relating to Tax Matters, sets forth the following disclosed tax liabilities:

> (b) (iii)(w)  no examinations, audits, actions, proceedings, investigations or disputes are pending, except for the following:
>
> ***
>
> <u>Foreign</u>
>
> Austria...
>
> France...
>
> Germany...
>
> Italy...
>
> Spain...
>
> United Kingdom...

13. There is no mention or disclosure of any type whatsoever of any tax liabilities in Brazil either in the Disclosure Schedule 2.12 or anywhere else in the Purchase Agreement. The failure of the Defendant to disclose and schedule the tax liabilities as more fully set forth in the Complaint constitutes a material breach of the Purchase Agreement by the Defendant.

14. As a result of Defendant's material breach of the Purchase Agreement, Defendant's Counterclaim is barred.

<b><u>SECOND AFFIRMATIVE DEFENSE</u></b>

15. Flowserve incorporates herein as if fully rewritten the averments set forth in Paragraphs 1 through 14 above.

16. Section 6.5(a) of the Purchase Agreement states in relevant part that

> (a)  Sellers agree to jointly and severally indemnify and hold Buyers... harmless against any taxes... against any loss, damage, liability or expense, including reasonable fees for attorneys and other outside consultants, incurred in contesting or otherwise in connection with

3

such taxes... (iii) arising from the breach of any representation, warranty or covenant of Sellers with respect to taxes under this Agreement, with respect to any taxable period, or portion thereof, that ends on or before the Closing Date....

17. The failure of the Defendant to schedule the Brazilian tax liabilities in Disclosure Schedule 2.12 constitutes a material breach of the Purchase Agreement, and the Defendant is required to fully defend and indemnify Flowserve with respect to said tax liabilities.

18. In accordance with Section 6.5(a), Flowserve has requested that Defendant defend and indemnify Flowserve as a result of Defendant's material breach of the Purchase Agreement with respect to its failure to list in the Disclosure Schedule 2.12 any Brazilian tax liabilities; however, Defendant has refused to defend and indemnify Flowserve with respect to said tax liabilities.

19. As a result, Defendant has materially breached the Purchase Agreement, and, therefore, Defendant's claims under the Purchase Agreement are barred.

### THIRD AFFIRMATIVE DEFENSE

20. Flowserve incorporates herein as if fully rewritten the averments set forth in Paragraphs 1 through 19 above.

21. Defendant owed Flowserve a duty of good faith and fair dealing under the terms and conditions of the Purchase Agreement.

22. The failure of Defendant to list the Brazilian tax liabilities in Disclosure Schedule 2.12 of the Purchase Agreement and the failure to defend and indemnify Flowserve under the Indemnification Provision set forth in Paragraph 6.5(a) of the Purchase Agreement for these Brazilian tax liabilities constitutes a breach of the Defendant's duty of good faith and fair dealing with respect to the Purchase Agreement.

23. Defendant's material breaches of the Purchase Agreement have prejudiced Flowserve, and, as a result, Defendant's Counterclaim is barred.

### FOURTH AFFIRMATIVE DEFENSE

24. Flowserve incorporates herein as if fully rewritten the averments set forth in Paragraphs 1 through 23 above.

25. Defendant's claims for relief are barred in whole or in part since Defendant has failed to mitigate its damages, if any, in this matter.

### FIFTH AFFIRMATIVE DEFENSE

26. Flowserve incorporates herein as if fully rewritten the averments set forth in Paragraphs 1 through 25 above.

27. Defendant's Counterclaim is barred by the applicable Statute of Limitations.

### SIXTH AFFIRMATIVE DEFENSE

28. Flowserve incorporates herein as if fully rewritten the averments set forth in Paragraphs 1 through 27 above.

29. The Counterclaim, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Flowserve upon which relief may be granted.

### SEVENTH AFFIRMATIVE DEFENSE

30. Flowserve incorporates herein as if fully rewritten the averments set forth in Paragraphs 1 through 29 above.

31. Defendant is barred from any recovery on the Counterclaim it now seeks to assert against Flowserve under the doctrine of waiver.

**EIGHTH AFFIRMATIVE DEFENSE**

32. Flowserve incorporates herein as if fully rewritten the averments set forth in Paragraphs 1 through 31 above.

33. Defendant is barred from any recovery on the Counterclaim it now seeks to assert against Flowserve under the doctrine of estoppel.

**NINTH AFFIRMATIVE DEFENSE**

34. Flowserve incorporates herein as if fully rewritten the averments set forth in Paragraphs 1 through 33 above.

35. Defendant is barred from any recovery on the Counterclaim it now seeks to assert against Flowserve under the doctrine of unclean hands.

WHEREFORE, Plaintiffs, Flowserve Corporation, Flowserve US, Inc. and Flowserve International, Inc. request judgment as follows:

1. That Defendant take nothing by reason of its Counterclaim herein;

2. That Defendant's Counterclaim be dismissed with prejudice and that Flowserve be awarded judgment against Defendant;

3. That Flowserve be awarded all of their costs, disbursements and attorneys' fees in connection with the defense of this Counterclaim; and

4. That Flowserve be awarded such other and further relief as this Court may deem just and proper.

Date: August 23, 2007                     Respectfully submitted,

/s/ Norman A. Bloch
Norman A. Bloch, Esq.
NB-7971
THOMPSON HINE, LLP
335 Madison Avenue, 12th Floor
New York, NY 10017
(212)344-5680 (telephone)
(212) 344-6101 (facsimile)

OF COUNSEL

Christopher M. Bechhold, Esq.
Robert P. Johnson, Esq.
THOMPSON HINE LLP
312 Walnut Street
Suite 1400
Cincinnati, Ohio 45202
(513) 352-6700  (telephone)
(513) 241-4771  (facsimile)

*Attorneys for Plaintiffs Flowserve Corporation, Flowserve US, Inc. and Flowserve International, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 23rd day of August, 2007, a true and correct copy of the foregoing was served electronically and by U.S. Mail upon William H. O'Brien, Esq. and Allison J. Hersh, Esq., Cooley Godward Kronish LLP, 1114 Avenue of the Americas, New York, New York 10036.

_____
Sunny H. Kim